| ¡.EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Van Muller, plaintiff-appellant, from a summary judgment in favor of Bernard M. Plaia, Jr., defendant-appellee, in this legal malpractice action arising from the preparation of a will. For the following reasons we affirm that judgment.
Summary judgment is appropriate when there are no material facts in dispute and where the moving party is entitled to judgment as a matter of law. La.Code Civ. Pro. Art. 966. In the present case the following facts are undisputed. On about January 20, 1999, Muller asked Plaia, an attorney, if he would draft a notarial will for his mother leaving her entire estate to him. A month later, on Friday, February 19, 1999, Plaia made an appointment to have the will signed and witnessed at Mrs. Muller’s home. Plaia arrived with the will, but when he read over it he realized that it had printed out improperly and could not be used. He told Muller that his secretary was gone for the day and that he did not know how to correct and print out another copy. He further stated that he would return the following Monday to execute the document.
Muller, who is a practical nurse, recites in his affidavit the following exchange:
At the time of the execution of the will on February 19, 1999, Mr. Plaia noted a clerical error on the will, and he stated “I can’t do it 1¡¡today but I will be back on Monday with the corrections.” Affi-ant [Muller] told Mr. Plaia very clearly that his mother would not make it through the weekend, that she would die.
Plaia said in his deposition that during the Friday visit he discussed with Mrs. Muller her intention to leave her estate to her son Van and she told him that that was correct. However, when he took the will *77 out of his briefcase, he first noticed the typographical errors. He admitted that Muller told him his mother was going to die, but was incredulous at this comment. Plaia said that Mrs. Muller was cooking and moving around the kitchen and certainly did not appear to him to be someone whose death was imminent. At about 2PM on Saturday Mrs. Muller was hospitalized with heart failure, and she died at 2AM Sunday.
Muller sued Plaia alleging that he suffered a loss in having to share his mother’s estate with his brother, contrary to his mother’s wishes that he receive the entire estate. He advances two theories of actionable negligence on Plaia’s part. First, he asserts that it was negligence to arrive at his mother’s house on Friday with a defective will which Plaia had not read, thus delaying its execution. Second, once the defect was discovered Plaia was negligent in not instructing Mrs. Muller on how to execute a olographic will on that same Friday. We disagree with both propositions.
In the first instance, there is no evidence to show that Plaia was ever informed that the will had to be executed in any particular time frame or that Mrs. Muller’s condition was critical. Indeed, a month passed between the time Muller first contacted Plaia about the will and the Friday eventually scheduled for its execution, and there is no suggestion that any complaints were made about this delay.
As to the second argument, Plaia made it clear to Muller that he could not produce a new notarial will until Monday. Although Muller was concerned about his mother’s health, he did not demand that Plaia do something immediately. Also, |4he made no attempt to retain other counsel on Friday evening or Saturday morning, even though he admitted that his next door neighbor, who was well known to him, is an attorney. Additionally, Plaia’s observations of Mrs. Muller moving about the kitchen and cooking did not indicate to him that her death was imminent. Further, Mrs. Muller was not hospitalized or even bed ridden on the Friday and Plaia was not informed of any medical condition which would be expected to cause death within the next two to three days. Considering all of the surrounding circumstances, it was not unreasonable for him to plan to return on the following Monday to execute the will. Indeed, Muller himself took no other action, thus showing that in spite of his concerns about his mother’s health, he too deemed as reasonable the delay until Monday. We, like the trial judge, find nothing in Plaia’s actions which would render him liable to Muller.
For the foregoing reasons, we affirm the summary judgment in favor of the defendant and dismissing the matter with prejudice.

AFFIRMED.